```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA                     :
                                             :
            - v. -                           :
                                             :
JAS PAL,                                     :
                                             :
            Defendant.                       :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-3-21

ORIGINAL

CONSENT PRELIMINARY
ORDER OF FORFEITURE/
SPECIFIC PROPERTY/
MONEY JUDGMENT

19 Cr. 411 (ALC)

WHEREAS, on or about June 4, 2019, JAS PAL (the "Defendant"), among others, was charged in two counts of a three-count Indictment 19 Cr. 411 (ALC) (the "Indictment") with conspiracy to commit mail fraud, in violation of Title 18, United Stated Code, Section 1349 (Count One), and conspiracy to access a protected computer in furtherance of fraud, in violation of Title 18, United States Code, Section 371 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1030(i), of any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Indictment, and any and all personal property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, on or about August ____, 2020, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment, and agreed to forfeit

to the United States, pursuant to Title 18, United States Code, Section 1030(i), (i) a sum of money equal to $131,068 in U.S. currency representing any proceeds obtained, directly or indirectly, as a result of said offenses, or representing the amount of proceeds traceable to the commission of the offense charged in Count Two that the Defendant personally obtained; and (ii) all right, title and interest of the Defendant in the following specific property, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained,:

a. $508,371 held in T.D. Bank Account Number 4341775893, held in the name of Sav IT TD Bank;

b. $48,578 held in J.P. Morgan Chase Bank Account Number 4346003687, held in the name of NY Software Solutions Inc. TD Bank;

c. $641,208 held in T.D. Bank Account Number 4341781717, held in the name of Reussite Technologies, Inc.; and

d. $299,149 held in T.D. Bank Account Number 4346003679, held in the name of Symentechcorp TD Bank;

(a – d, collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $131,068.00 in United States currency, representing the amount of proceeds traceable to the offenses charged in Count Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendants Gunjit Malhotra and Gurjeet Singh, to the extent forfeiture money judgements are entered against Malhotra and/or Singh in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney Ryan B. Finkel of counsel, and the Defendant, and his counsel, César de Castro, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $131,068.00 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant, for which the defendant is jointly and severally liable with co-defendants Gunjit Malhotra and Gurjeet Singh, to the extent forfeiture money judgements are entered against Malhotra and/or Singh in this case.

2. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, JAS PAL, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty

(30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[THE REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____     3/1/21
    Ryan B. Finkel                      DATE
    1 St. Andrew's Plaza
    New York, New York 10007
    Assistant United States Attorneys
    (212) 637-6612

JAS PAL

By: _____     03/02/2021
    JAS PAL                             DATE

By: _____     _____
    César de Castro, Esq.               DATE
    The Law Firm of César de Castro, P.C.
    7 World Trade Center, 34th Floor
    New York, New York 10007
    cdecastro@cdecastrolaw.com

SO ORDERED:

_____          3.3.21
HONORABLE ANDREW L. CARTER               DATE
UNITED STATES DISTRICT JUDGE